Jeffrey L. Hartman, Esq., #1607
**HARTMAN & HARTMAN**
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
Telephone: (775) 324-2800
Facsimile: (775) 324-1818
notices@bankruptcyreno.com

Attorneys for Umpqua Bank

E-Filed    10/22/10

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

IN RE:

PETER B. and BRENDA M. LAHNER,

Debtors.
_____/

CASE NO.    BK-N-10-53281-GWZ

CHAPTER    11

**OBJECTION TO DEBTORS' CLAIM OF EXEMPTION**

Hearing Date:
Hearing Time:
Time Req'd:
Set By:

Umpqua Bank, successor in interest to Nevada Security Bank, ("Umpqua") objects to a claim of exemption by debtors Peter and Brenda Lahner ("Lahner"). This objection is made in accordance with 11 U.S.C. § 522(l), F.R.Bankr.P. 4003(b) and 9014 and LR 4003. Umpqua also requests the Court take judicial notice of the papers on file in this case.

### FACTS

1. This case was filed on August 18, 2010. The first §341(a) meeting of creditors was conducted and concluded on September 27, 2010.

2. On September 9, 2010, Lahners filed their Schedule C. **DE 15 page 6 of 22.**

3. Objections to claims of exemption must be filed within 30 days after the conclusion of the meeting of creditors, or 30 days after an amendment, whichever is later. F.R.Bankr.P. 4003(b)(1).

4. The Lahners reside at 721 Cristina Drive, Incline Village, Nevada and Nevada exemptions apply.

## OBJECTION

### 100% Stock Ownership Interest In Alpine Auto Service, Inc.

At the §341(a) meeting of creditors, Mr. Lanher testified that he and his wife Brenda are the shareholders of Alpine Auto Service, Inc. ("Alpine"). Schedule C exempts 100% of the stock in Alpine based upon NRS §21.090(1) which provides:

> The following property is exempt from execution, except as otherwise specifically provided in this section or required by federal law:
>
> (bb):   Stock of a corporation described in subsection 2 of NRS 78.746 except as set forth in that section.

NRS §78.746 provides, in part:

> 1. On application to a court of competent jurisdiction by a judgment creditor of a stockholder, the court may charge the stockholder's stock with payment of the unsatisfied amount of the judgment with interest. To the extent so charged, the judgment creditor has only the rights of an assignee of the stockholder's stock.
>
> 2. This section:
>
>     (a) Applies only to a corporation that:
>
>         **(1) Has more than 1 but fewer than 100 stockholders of record at any time.**

## DISCUSSION

Nevada is a community property state. Community property is, by definition, property owned in common by a husband and wife, with each having an undivided one-half interest. *McNabney v. McNabney,* 105 Nev. 652, 659 (1989). It is unclear how the Debtors' ownership interest in Alpine is held. This issue is critical to a determination of whether the exemption of NRS §21.090(1)(bb) is available to protect the Debtors' interest in Alpine. For example, if one share certificate was issued and is titled in the name of Peter Lahner and Brenda Lahner, Husband and Wife as joint tenants, there is no ability to separately vote the shares.

Because there appears to be no legislative history for §21.090(1)(bb), and there is not yet any judicial interpretation as to the applicability of that section, Umpqua objects to the

///

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800

Debtors' claim of exemption.

DATED this 22nd day of October, 2010.

                      **HARTMAN & HARTMAN**

                      /S/ Jeffrey L. Hartman
                      Jeffrey L. Hartman, Esq.
                      Attorney for Umpqua Bank

Hartman & Hartman
510 West Plumb Lane, Ste. B
Reno, Nevada 89509
(775) 324-2800